Eastern Dis.
June, 1832.

*DUSFREME ET AL. vs. AIME.*

DUSFREME
ET AL.
vs.
AIME.

APPEAL FROM THE COURT OF THE SECOND DISTRICT, THE JUDGE OF THE
EIGHTH PRESIDING.

If the husband, by any act of his, give a tacit mortgage on his property to the
heirs of his wife, it cannot attach on property previously disposed of by him.

The facts are stated in the opinion of the court, delivered
by MARTIN, J.

The petition states the wife to be the sole heir of F. Arcenaux,
who was one of the brothers and heirs of M. F. Arcenaux,
wife of Rome, who on the death of his said wife, had an
inventory made of the common property, which was after-
wards sold at his request, when a plantation, which was his
exclusive property, was included in the sale and bought by
the defendant.

The petitioners having obtained judgement against Rome,
as administrator of his wife's estate, and no property of his
being found, claim a right of legal mortgage on the premises,
which it is the object of the present suit to enforce.

The answer admits the premises to have been the ex-
clusive property of Rome, but denies his ever acting in the
capacity of administrator of his wife's estate, and the con-
sequent existence of a tacit mortgage; it avers that the plan-
tation having been sold at a probate sale of the property of
the community, any mortgage that may have existed thereon
was thereby extinguished.

There was a judgement of nonsuit againt the petitioners,
and they appealed.

We had our attention drawn to a bill of exceptions. The
petitioners offered the record of a suit, in which G. & A.
Arcenaux, two of the heirs of Rome's wife, claimed their
share of her estate. The record was offered to prove by
admissions of Rome therein, that he had acted as admin-
istrator of his wife's estate. The reading of these admissions
was objected to, and the objection sustained.

Eastern Dis.
June, 1832.

DUSFREME
ET AL.
vs.
AIME.

We think the district judge did not err. The record was that of a suit to which the present defendant was not a party.

The defendants counsel has contended that the judgement is correct, as the property was sold by the Court of Probates; that the only evidence of the sale on record is a note of the judge at the end of the process verbal, which makes a distinction between the premises and the rest of the property sold; nor could any declaration of the judge, under any circumstance, change the character of the transaction, nor affect in any way, the rights which others had or might acquire, and the court must, therefore, look elsewhere for proof of the character of the premises. That it is true the answer admits it never made part of the common property, but it was improved at the expense of the community, as admitted by the plaintiffs in their suit against Rome; and in as much as it could not, as it originally stood before the marriage, be separated from the subsequent improvements and the consequent increased value, it was properly inventoried and sold entire, as common, and thus the mortgage, if any ever existed, was extinguished.

The counsel has further contended that the intermeddling of Rome in the administration of his wife's estate is expressly denied, and there is no proof of it on the record; for none can result from the petitioner's suit against him, in which they recovered the sixth part of his wife's estate. The surviving spouse, by retaining the common property and having it sold, does not, thereby intermeddle in the administration of the estate of the deceased so as to render his own estate liable to the tacit mortgage of the heirs of his spouse.

The opposite counsel has contended that the record does show that Rome assumed the administration of his wife's estate. He had an inventory of the common property made within two weeks after her death. He provoked the appointment of no tutor or curator, and about two months after, the sale took place at his request. The *process verbal* shows the purchasers were to give notes endorsed to his satisfaction. In the present case there is evidence of a witness calling on

Rome for payment of a claim against his wife's estate, of his sending him to the parish judge, who sent him back to Rome, who finally paid the debt.

It does not appear to us the court erred. There is no allegation, much less proof, that, till after the sale to the defendant of the premises, Rome took any but cautionary measures for the preservation of the common property, and, consequently that part of it which belonged to his wife's heirs. He had an inventory made, and provoked a sale of the property. If, after this sale, at which the defendant's title to the premises accrued, Rome, the vendor, by any act of his own, gave to his wife's heirs a tacit mortgage on his own estate, that right cannot attach on any property (like that on which it is now sought to be exercised) previously sold.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed, with costs.

*McCaleb*, for appellants.    *Porter*, for appellee.